McFarland, J.,
delivered the opinion of the- court:
.The complainant in his bill, or petition, as it is styled, charges that in September, 1868, he filed a bill in the chancery court, at Trenton, against F. M. Holder, Samuel McNight, and others, asking the court to- sell a tract of land the property of Holder and McNight, first, to pay off a mortgage in. favor of others, and then to apply the surplus to a debt he, the complainant, held against them-. Pending this suit, and before a decree, Holder died intestate, and the cause was revived against bis heirs, and decree rendered, and the land sold, when the complainant became the purchaser for $800, $400 of which he has paid. After the *729 sale, Leonia V. Holder, tlie widow of H. M. Holder, filed her bill against complainant and others, claiming dower in part of the land, charging that Holder and IVIcNight had divided the land, and charging that her claim to. dower was superior to the claims of creditors, as none of thei debts were for purchase money.
Subsequent to this, judgment by motion, and without notice, was taken against the complainant and his surety for the unpaid purchase money of $400 and interest, before referred to. The bill charges that at the sale the land was sold as a whole without, any reservation of dower, and that none was claimed, and that he so bought it.
Execution has issued on the judgment against him. The prayer of the bill is that the execution against him and his surety be superseded and held up until the determination of the widow’s right to dower, and that in the event she be declared .entitled to dower, that the value of such dower interest be deducted from the judgment against him.
The chancellor dismissed the bill for want of equity.
Eor the complainant, it is argued that this is similar in principle to a case where a purchaser at a chancery sale buys in ignorance of the fact that the land is incumbered with unpaid taxes, in which case it has been held that he may pay the taxes and have a credit for the same on the amount bid by him. But we axe of opinion that this is a different case. The complainant does not charge that he bought the land in ignorance of the facts upon which the widow’s right to dower depended. On the contrary, he shows that he was himself the complainant in the cause in which the land was decreed to be sold; that he knew the land was under mortgage, and that Holder died before foreclosure, and it may be fairly taken that he was fully informed as to the state of the title, and as to all the facts upon which the right to dower depended, especially as he does not aver his want of knowledge. Whether the widow is really entitled to dower or not, he does not aver, nor does *730 lie state the facts so fully as to enable as to determine. That no reservation or claim for dower was made at tlio sale, is immaterial, inasmuch as the complainant knew the widow was not a party to the cause, or bound by the sale.
We think the petitioner has not shown himself entitled to any relief. So far as appeal’s, the doctrine of caveat emptor applies to him.
The decree is affirmed at the complainant’s cost.